214026 United States v. Perez and Mr. Smith we'll hear from you very much Judge Harris and may it please the court the issue in this case is how much time can a person be put on supervised release have to be convicted of under 21 USC 841 and 21 USC 841B I'm sorry B1D there's the current law our argument is the current law says that the maximum amount of time is three years I think the government has just asked the court to change that based on plan within 841 notwithstanding we think there's three primary arguments why the law should say the same those arguments are based on plain meaning of the statute and strict construction principles precedent and case law and the little bit of congressional intent we have you think it is not in our favor as well as far as the plain stat meaning of the statute there's clearly a statute here 18 USC 3583 that sets maximum amounts of time for supervised release in cases and in this case would be 36 months I can go through the analysis the court wishes if I think it's in the paperwork and then in 841 there's a minimum amount of time and so so we think that it's clear we think that the there's a there's language in 841 that says notwithstanding 3583 but it doesn't set any maximums and we would point out that in 21 USC 841 it actually sets maximums on other things for example imprisonment on a b1a charge may not be less than 10 years or more than life so it's clear that Congress could set maximums if they wanted to there's not a whole lot of precedence in the district however the latest unpublished case the Davis case which is mentioned in the brief found in that same way and it's based on good and crap for the two basic cases that were mentioned before good is a case that came before the notwithstanding language but it set out a rationale and the rationale was basically to try to give meaning to all language and it set a minimum just like our argument does Pratt came later and interestingly enough under council and you're you are of course right that we have we've read some of these provisions in perhaps ways that are difficult to reconcile but it looks like no other Court of Appeals is reading them that way anymore after 2002 so why should we stay alone out here and potentially erroneous pre-2002 case law the first of all I would give you two answers for that first I don't think that the cases in other districts are as clear as the government's brief makes a look there are certainly some districts that say yes this is our ruling work because of the notwithstanding language we have changed our ruling I think this Kelly case in the Jackson case in the 5th Circuit and the N case in the 2nd Circuit definitely do that but most of these cases and all of the cases cited by the government they're not B1D cases they're B1A or B1C cases and that's important because in those cases they have the same amount of time for the maximum and minimums under both statutes and it doesn't have that for the B1B cases and the B1D cases which is what we have here a B1D case of course and that's a big difference because in those cases in our in good in our district good found that they I'm sorry I'm sorry not good crap found that because they're the same there's no reason to give meaning to the language and that same rationale was used in other cases both in the district after 2002 but also in the other districts as well and some of them were just summary summary arguments so I don't think it's as clear as counsel counsel can I can I just follow up on your distinction between the A and C and B and D if we read it that way and basically follow the rule of Pratt do you have a response to what Pratt itself identified as I think what I called anomalous results which seems like a bit of an understatement that you would end up with though some of the less serious offenses having a maximum of life but the more serious offenses being capped at three years or five years I mean how could pop do you have a theory for why Congress could possibly have intended that result there's I don't think there's a theory that says this is why they intend a result I think it's more likely that they did not intend a result at all and because of our construction we have made these results I would say that you know you can look at the other way and say did Congress intend to give a maximum of five years on a deep on a b1d offense but then give the course permission to give them supervision for the rest of their life which would be a very incongruous kind of decision as well so you can look at the other way I think you would resolve that incongruity maybe by saying that I always get my sections mixed up just a minute that the section 3583 only applies except as otherwise provided it's like a gap filler it's there so that you can sentence to supervise release under provisions that don't themselves have a supervised release provision so that takes care of that incongruity doesn't it it just shouldn't apply to a statute that otherwise has supervised release provisions well I agree that 3583 says unless otherwise it says in statute I would just argue that it doesn't say that in this statute it says not withstanding the 3583 these minimums must be required but it doesn't say a maximum at all the government is asking you to assume a maximum of life that's that's that that's the difference I would say and I think it's clear that they can do that they did it for the incarceration period and I think also that um you know had they want to do that there's plenty of people in Congress that could have you know written out such way it made it very clear that that was what they were intended to do so yeah I understand that this anomalous is what the decisions are I don't necessarily think that means that we should change it in such a way that would make it anomalous another way which is to give these long sentences that people have very small amounts it's clear that when Congress made 21 841 they had progressive punishments that's why there is a ABCD because it's based on the weight so if you have more heroin or more cocaine and in a you get more punishment than being and see the need it doesn't make sense they would then turn around and say we're going to give you this lifetime imprisonment so I mean I think that the council if if I could enter I mean I mean I realize that the absence of a cap would mean it you know perhaps the ability to go to life but I mean the progression that you're talking about is kind of you know also in 841 I mean it changes you know I mean the numbers go up you know as you go through the various subsections there so so I mean some of that is in both statutes I mean I get the argument they could have been more clear that there you know that there it goes to life but you know I mean we'd like a little more clarity and lots of things and and and notwithstanding you know section 3583 I mean I just don't know how you could read notwithstanding 3583 to be anything other than 3583 doesn't apply here I mean if we didn't have you know some of the earlier cases I mean this would I think we'd look at the plain text it'd be kind of easy done I mean and and some at least the main tech main cases before that language was in there so I I'm just having trouble how you get that when with text it's that clear you do we really have any choice okay so so I agree that notwithstanding section 3583 means that this statute Trump's that statute however the next section of that same sentence is that it's so some other language impose a term of supervisory of at least five years so it doesn't specific specifically says you can't take the minimum 3583 which would be zero it doesn't necessarily say that the maximum should be like that and since there is already another statute that says there's a lot we would say that there's a gap in the middles we've had we have a bookie of getting in and in that would be hard yes can I ask you about the house report on the 2002 amendment I mean it says expressly no these are life maximums and the whole point of this amendment is to get rid of this crazy good case from the fourth circuit and make it extra clear that a 41 controls including that it allows for maximum terms of life do you read the report differently than I'm reading it or is your position that we shouldn't look at the report which is you know I do think the report is important for congressional intent but I would also say that when Congress gets together they oftentimes don't agree or perhaps never agree and that they of course did not put in the statute a maximum amount so I think what the statute says should trump the intent of the report okay and you think the statutory language is clearly sort of contrary to what's in the report I our position is that the the statutory minimum is clearly written in 841 and the maximum there is a maximum written in 3583 and it's not one written in 841 and judge I think that good I'm calling it the good rationale the rationale used where you have to try to use all the language in there that's why good said that you have to use the minimum and maximum I think that's used in several of the other cases that were cited by the government those those cases just happen to be b1a and b1c cases which have the same amount of time so that they came to some in the same result as prep now I'm not saying that all of them came that way some of them definitely said we find this to set aside but I don't think it's clear that all the districts feel that that notwithstanding language changed the law I don't think that's clear from this case at all and that that is that's essentially our argument you guys the court that allows reserve two minutes and for a rebuttal unless you musters question thank you thank you questions thank you we'll hear from mr. galleon thank your honor they please the court your honors this case allows the court to resolve an issue that as has been noted during the course of the argument been resolved in the government's favor by every other circuit that's addressed it first of all as to the argument that mr. Smith made related to the fact that the government's cases were essentially either b1a cases or b1c cases I would point the court to the Hanley case out of the Tenth Circuit that actually was a b1b case I think it's helpful because like the Bailey opinion that judge Schroeder authored and the district court in a b1b case it talks about the fact that 3583 has a specific carve-out when it says except as otherwise provided related to supervised release and of importance of course is can I can I can I just stop you there for one second because this is a question I had about your brief so just assume hypothetically I also find that language very telling and I think the better reading of 3583 is that it was never intended to apply in sentencing under a statute that has its own supervised release provision that's what it says provided period but that language was there when we decided good so what do you want us to do with good like that's an argument for why good was say we disagree with good so what do you want us to do with that problem well I would argue that good has been overruled by the statutory change in 2002 that the not you want us to rely on the notwithstanding clause and that's what we would have to rely on right that's correct John that's correct and that is consistent with the the circuits that considered the issue and decided that the carve-out in 3583 prior to the 2002 amendment allowed for a life sentence or a life term of supervised release as to these 841 cases and then as your honor judge Harris pointed out the the house report as to the 2002 amendment said we're resolving a circuit split and that circuit split is the second eighth and under 3583 that is the except as otherwise provided language means that there is no cap on 841 that is drug cases and so with that they pointed out that the good case and the Kelly case out of the fourth and fifth circuits were on the other side and that they wanted to resolve that issue and of was a b1b case now we have a b1d as a delta case but the rationale is important there because as just Harris pointed out previously that issue about whether you have four to five years in the b1b context or two to three years in the b1d context is is one that needs to be resolved and is I would argue resolved clearly by both the except as otherwise provided and then the fact that there is the language that amends that statute in 841 to say notwithstanding section 3583 of title 18 thus creating a clear carve out in both the b1a context the b1b context the b1c context and the b1d context let me just ask one question and then I promise I will stop so I understand your argument and we really have to rely I think given the sequencing here very much on the notwithstanding clause because that's what post states our good decision and I think this is what your colleague is saying and it just seems to me that there's maybe one argument to the contrary which is that there's a lot of case law saying that what notwithstanding clauses are for is for resolving conflicts and so if you read the notwithstanding clause that way it would be saying that look post 2002 if there is a conflict between these two statutes because the minimum under 841 is longer than the maximum under 3583 now we know 3583 controls notwithstanding the conflict with 841 but if there's no conflict like in this case where I think it's the minimum is 2 the maximum is 3 that's great apply both you've got a range from 2 to 3 years why isn't that sort of a fair reading of the notwithstanding clause well I think because it disregards the congressional intent I mean if he knew as we do that good was at issue and good is a b1b case thus having squarely in its sights the issue of five years is the cap then that's important in determining that the notwithstanding language is not only for a situation where for instance because of an information of prior conviction the individual had a supervised release term over what they would get otherwise for instance in this b1d context if an individual had a prior conviction that qualified then they would get at least four years and so that would to the extent that there is a quote-unquote conflict you know the court is saying that that's where notwithstanding would kick in well that would make sense or at the the Congress in deciding to amend 2000 in 2002 841 used good as the case that was part of the circuit split because if given that we have good and that it was a b1b case where you know the person could get four to five years under the good courts rationale rationale then there would be nothing to that reading is inconsistent with the house report basically yes your honor that that that goes against the congressional intent to resolve the circuit split because in order to give effect to the plain language of the amendment that would require the the court thereafter to allow for up to a life term and they even say I think your honor judge Harris alluded to it previously the fact that they say and it's been cited in several of these other cases subsequently that part of the house report language includes the fact that it says that those longer terms may include lifetime supervised release that's what they talk about when they say notwithstanding 3583 and so so counsel if I could just jump in here and I appreciate that part of your answer do you need to judge Harris's question do you need that language or does that language just add additional information to the plain language of the text what if the house report wasn't there and we just had or you know let's say it was there was conflicting stuff so that you really couldn't draw much clarity from whatever legislative history there was and all we had was the text do you think that's enough yes I would argue that is enough and as demonstrated in the cases 2000 since the 2002 amendment that have talked about the notwithstanding language of the fact that it clarifies the fact that there is a carve-out for 841 drug cases separate and apart from 3583 and so yeah if the court decided hey this the house report is not clear enough or there's not enough congressional intent there it was still based on the language of the amendment itself based on the subsequent decisions from the other circuits I think indicate that that notwithstanding language is as your honor pointed out earlier a disregard it's not a if there's a conflict it's a disregard I mean the plain language of notwithstanding is in spite of it's essentially a disregard that is despite the fact that there is another statute doesn't matter because we have decided that this part of the statute that is 841 is going to have its own supervised release terms and they put in the the minimum terms and then consistent with the way Congress has done it in several other contexts they didn't put a maximum term and that means the maximum term is life and of course I'd point the court to the Turner case out of the Fourth Circuit which was a 2113 case a bank robbery case related to forced accompaniment and they said that in that case of course the forced accompaniment results and if you have a conviction that it is not less than 10 years and they didn't say no more than life they just said not less than 10 years and this court said it's a common-sense proposition that in construing that part of the statute that when there is a minimum term provided but no maximum that the maximum is life and that's consistent with other parts of the criminal law federally 924 C of course is a not less than five years there's not a maximum term and that maximum term has been defined by this board is like just council if if we read you know you can read notwithstanding a few different ways it does it matter here if we if we read notwithstanding to mean you know in case of a conflict only then we would end up with very kind of wildly different ranges wouldn't we we would have under the same statute some violations would be subject to a two to three year supervised release and others to a you know three to life and there would in ways that don't make much sense is that is that something that we should be considering when we're thinking about how to interpret the word here should we be looking to what the you know how would it play out so that it's uniform or if not uniform at least it it results in a statute that makes sense read together yes I mean that's an excellent point your honor in the sense that 841 does not exist in a vacuum and when you look at as judge Mott's pointed out in that Pratt opinion and of course Pratt was a 2001 case so it preceded the pointed out in a footnote this of course creates an anomalous result and this court has already pointed out the the fact that that might be one of the bigger understatements judicially it creates an incredible anomaly in terms of the fact that a person who is convicted of a b1b offense like good is capped at five years and a person who is convicted of a b1c offense like Pratt can get a life term of supervised release and and that's clear in the Pratt case that it is like that under b1c the term would be up to life on supervised release and you know this case came back to the court because judge Osteen talked about the fact that we the courts need clarity the district courts need clarity we've had two opinions in this district alone dealing with one on b1b and one on b1d because the courts are trying to reconcile the language from Pratt and of course the subsequent Dawson case which muddied the water on b1b and the fact that Davis in the b1d context looked strictly to 3583 and said that the term the max term is three years for supervised release but didn't didn't get into the exception under 3583 for other provisions didn't discuss the amendment from 2002 and so this the court has an excellent opportunity to clarify what supervised release means in 841 consistent with what as has already been that this is a great opportunity and based on the plain language of the statute based on the cases from all of the other circuits and some very good opinions within the district courts here in North Carolina as well as the congressional intent on that 2002 amendment would ask that this court affirm the decision of the district court now I'll be happy to answer any questions the court may have any questions great thank you so much thank you very much and mr. mr. Smith you've got rebuttal time thank you thank you very much the I would I would start with the notwithstanding language which is of course the crux of what we're talking about here whether it's ambiguous or not what's clear that different courts have found differently on it so I think reasonable jurists who know a lot about the case can find different things I would point out that all of the district court cases that were put in a brief from our district we're all went the same way as good you know you look at the cases from Judge Flanagan I think it was a Davis and a couple of them down there they found the same way judge Osteen did send this case back but I would point out that the court this was an Andrews brief the court sent it down to the court to be looked at and it's the same thing that happened in the Torres brief the other case that mr. galleon has been talking about was sent back in this district those were both sent back from the circuit to reconsider I would say that it would be difficult to say that notwithstanding is clear is clear to any jurist any attorney looking at this case when they're reading this statute and that's what's important not so much the congressional intent congressional intent is important I would argue to the extent that we have something we just can't tell what they're talking about but in this particular case they did not put a maximum in here we know that they have situations where they do and I agree with mr. Gavin there's places in the criminal code where they don't do that you know I'm not a congressperson I can't say what best practices but but it would be easier for us to determine if they did do that however I would say when there's an argument about what's clear and what's not clear that really the strict construction rules the rules of lenity and this type of thing really should fall on the side of the defendant what you're doing here in this particular case we're only talking about six months government asking to give judges discretion to put people with minor amounts of marijuana and selling minor amounts of marijuana for their entire life you know no age limit or anything like that other than I guess age of 18 when you become an adult and so they're asking for actually a kind of styling is a clarification but they're really asking to change the law in a way that is that grab power and we got to remember that the guidelines were set in to try to give similar outcomes to similar defendants across the entire country and so if we have a range of zero to life in each of us in each of these cases no matter what the amount of drugs is we really have gotten rid of any kind of range at that point based on the drug amounts would be our argument so I would say that I would say and also there was one statement in Davis itself which of course was unpublished opinion the statute is clear cannot reasonably be interpreted any other way that's what a jurist wrote about you know this issue so I don't think it's as clear as anybody would like it to be I would I think it's easy to read it both ways and I think parties have done that but I think in this in a situation where it's in that in that posture I think that the defendant should get the burden the benefit of the doubt based on the rules of lenity so that that would be what I have to add unless the court has questions thank you so much mr. Smith I see that your court appointed and we are deeply grateful to your service to the court thank you both very much we're sorry we can't greet you in person but we wish you well
judges: Pamela A. Harris, A. Marvin Quattlebaum Jr., Allison J. Rushing